

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 12, 1947

Hon. Robert L. Kirk
County Attorney
Lamb County
Littlefield, Texas

Opinion No. V-251

Re: Term time of the District Court, 64th Judicial District, in the light of recent legislation affecting the district.

Dear Sir:

We refer to your letter of May 24, 1947, in which you requested an opinion of this Department and which reads in part as follows:

"The District Court of Lamb County has been and is in the 64th Judicial District. The last term began on the 5th Monday after the 1st Monday in January, 1947, and was supposed to continue in session until the Saturday preceding the 1st Monday in August. A Grand Jury was duly impanelled and attended to the business then on hand. It was recessed until such time during the term as it might again be needed. During this present session of the Legislature, a bill was introduced, passed and became effective on May 2, 1947 which added Parmer County to the 64th Judicial District. This bill slightly changed the terms of the various courts in the District. It did not change the beginning date of the next term of the District Court in Lamb County. This bill made no provision for the continuation of the terms of court then in session. It is contemplated, and there exists a necessity for calling the Grand Jury in Lamb County back into session before the next term of Court.

"Does the February term of Court continue in Lamb County until the Saturday before the 1st Monday in August, 1947?

"If the Grand Jurors who were im-
panelled in February were called back
into session at this time, would an in-
dictment presented by them be valid?"

Upon checking the Bill in the Secretary of
State's office as passed by the Legislature, we find
that it further provides that the terms of Court for
Lamb County shall begin on the first Monday in February
and the first Monday in August; and that each term of
Court in each of such counties of the 64th District may
continue until the Saturday immediately preceding the
Monday for convening the next regular term therein.

The pertinent portion of Article V, Section
7, of the State Constitution provides:

"The State shall be divided into
as many judicial districts as may now
or hereafter be provided by law, which
may be increased or diminished by law
. . . He shall hold the regular terms
of his court at the county seat of each
county in his district at least twice
in each year in such manner as may be
prescribed by law."

In Keaton v. State, 57 S.W. 1125, the appel-
lant, under facts similar to those before us here, con-
tended that the Court at the time of his conviction, was
not lawfully in session, because the Legislature had,
since the convening of the Court, repealed the law fix-
ing the time for holding terms of the District Court in
and for Coleman County by passing an amendment fixing
the times for holding said Court in said county, which
terminated the February term, 1899, of said Court and
this Court could not again lawfully be in session before
the first Monday in September, 1899. We quote from the
case as follows:

". . . The regular time for the
convening of the term of court at which
appellant was tried was the first Monday
in February, 1899, to continue in ses-
sion four weeks. The Court was organized
on said day. While the court was in ses-
sion and being held under the then-exist-
ing law, the legislature passed an act,
with the emergency clause attached, mere-
ly adding to the term of court for Coleman

county one week. The amendment pro-
vided for the term to begin the first
Monday in February and to remain in
session five weeks. It will be seen
from this that the beginning of the
term was not changed, and that the
clear intendment of the legislature
was simply to give one additional week
to Coleman county for the district
court, and the amendment was not in-
tended to have a retrospective effect,
so as to repeal the then-existing
term of the district court of Coleman
county. Article 5, § 7, of the con-
stitution provides: 'The state shall
be divided into as many judicial dis-
tricts as may now or hereafter be pro-
vided by law, which may be increased
or diminished by law. He (the dis-
trict judge) shall hold the regular
term of his court at the county seat
of each county in his district at
least twice each year, in such manner
as may be prescribed by law.' The
bare statement of this constitutional
provision would certainly preclude the
construction of the amendment by the
legislature as contended for by appel-
lant; his contention being that the
amendment repealed the previous law
whereby the session of the district
court of Coleman county was authorized
to begin on the first Monday in Febru-
ary. If this is a repeal of the old
law, then Coleman county would be de-
prived of one term of the district
court, which would be in the face of
the constitutional provision quoted
. . ."

In the case of Ex parte Murphy reported in
11 S. W. 487, the defendant insisted that his conviction
was illegal and void because rendered at a time when a
legal term of the Court could not be had. We quote from
the same as follows:

". . . The facts are that the said
term was held at the time 'fixed by the
act of 1885, (Laws 1885, p. 8,) that is,

commencing on the fifth after the first
Monday in March. On April 2, 1889, six
days prior to the convening of said term,
on April 8th, an act was passed by the
legislature changing the time of holding
said court in said county to the fourth
Monday in March. This act contains an
emergency clause, and declares that it
shall take effect from its passage. Ap-
plicant contends that after the passage
of said act of April 2, 1889, a legal
term of the district court for Karnes
county could not be held, except at the
times prescribed by said act.

"We are of opinion that the term
of the court at which the conviction was
had was a legal term. If it were held
otherwise, the effect would be to deprive
Karnes county of one term of said court
for the present year, when the constitu-
tion declares that two terms of the dis-
trict court shall be held each year in
each county. Const. Art. 5,§ 7. In con-
struing an act of the legislature, it is
the duty of the court to so interpret the
legislative intent as to harmonize the
provisions of the act with the constitu-
tion, if this can be done reasonably. It
must be presumed that the legislature did
not intend to disregard the above-cited
provision of the constitution by depriv-
ing Karnes or any other county of the dis-
trict of the constitutional right to have
two terms of the district court in each
year. If such was the intent, the act
would be void, and the courts in that dis-
trict would have to continue to be held at
the times fixed by the old law. Notwith-
standing the emergency clause in said act
of April 2d, we feel justified in holding
that it was not the legislative intent
that said act should immediately take ef-
fect, but that it should become operative
only at a time when it would not deprive
any county in the district of two terms of
court. . ."

In view of the foregoing, you are respect-

fully advised that it is the opinion of this Department that the February term of Court continues in Lamb County until the Saturday before the first Monday in August, 1947. (See also Bowden, et al, v. Crawford, 125 S.W.5)

This being true, it naturally follows that the second question is answered in the affirmative. That is, if the Grand Jurors who were impanelled in February were called back into session at this time, an indictment presented by them would be valid.

### SUMMARY

The present term of the District Court of Lamb County remains unchanged for the remainder of the term, even though the Legislature passed a Bill effective May 2, 1947, changing the terms of certain counties of the 64th Judicial District, of which District Lamb County belongs, and although the Bill made no provision for the continuation of the terms of Court then in session; otherwise the county would be deprived of two full terms of Court each year in violation of Article V, Sec. 7, of the State Constitution. Keaton v. State, 57 S.W. 1125; Ex parte Murphy, 11 S.W. 487. If the Grand Jurors who were impanelled in the February term were called back into session at this time, an indictment presented by them would be valid.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*
Bruce Allen
Assistant

BA:WB

APPROVED JUNE 12, 1947

*Price Daniel*
ATTORNEY GENERAL OF TEXAS